## AS TO APPOINTMENT OF GUARDIANS.

Circuit Court of Cuyahoga County.

HENRY URBAN, GUARDIAN, v. JOHN URBAN.

Decided, January 21, 1907.

*Probate Court—Jurisdiction to Appoint Guardians.*

The probate court has no jurisdiction to find one an intemperate and appoint a guardian for him under favor of Section 6317, Revised Statutes, where the application for the appointment of a guardian alleges imbecility and is made under favor of Section 6302, Revised Statutes.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is brought to reverse a judgment rendered in the court of common pleas on appeal from the probate court. The proceeding in the probate court was brought to vacate a prior order of that court appointing a guardian for one John Urban, and the judgment here sought to be reversed vacates that order of appointment.

The chief ground alleged for such vacation is that the original order was made without jurisdiction. The bill of exceptions here shows that an application was made to the probate court for the appointment of a "guardian of the person and estate of

John Urban, an intemperate, and who resides at number ——
Rhodes avenue, Cleveland, Cuyahoga county, Ohio.''

The facts on which this application is based, are briefly, as
follows:

''Said John Urban is an imbecile, wholly incapable of look-
ing after himself and his property, and unfit to.''

The word ''intemperate'' near the beginning of the fore-
going quotation, is substituted for the word ''imbecile'' which
had been first written there and then crossed out.   The order
of appointment of the guardian was based upon the finding that
John Urban was in fact an intemperate.

Upon the application for an appointment of a guardian for
an imbecile, as provided by Section 6302 of the Revised Statutes,
three days notice is required to be given to the next of kin of
the alleged imbecile.   The procedure upon an application for the
appointment of a guardian for an intemperate is provided for
by Section 6317 of the Revised Statutes, which requires five to
ten days notice to the intemperate himself.

It is clear that the application and notice were intended to
conform with the requirements of the former section and that
the requirements of the latter section were not complied with,
except that an attempt was made to amend the application by
interlineation, as a basis for the court's finding that the person
complained of was an intemperate instead of a imbecile.

The journal entry in the probate court recites that ·John
Urban was in court, and hence it is claimed that the five or ten
days previous notice to him was waived by his appearance.   If
there be any uncertainty about the equivalence of the words ''in
court'' with the expression ''entry of appearance'' the plaintiff
in error here complains, show that the court erred in excluding
the evidence tending to show that the journal entry was in-
tended to convey this idea, and in refusing to entertain plaintiff
in error's application to have the journal amended, *nunc pro
tunc,* to correct this uncertainty, if any.

Upon the other side it is urged that it is quite immaterial
whether or not John Urban entered his appearance in this pro-

ceeding after the attempt was made to amend it from a pro-
ceeding for the appointment of a guardian for an imbecile into
a proceeding for the appointment of a guardian for an intemper-
ate, because the facts as alleged in the above quotation from the
original application after its amendment, are such as to pre-
clude the court from finding the application to be sufficient,
under Section 6317.

The statute provides for the appointment of a guardian when
the person complained of "is incapable of taking proper care
of himself or herself, or his or her property, by reason of in-
temperance or habitual drunkenness." The application alleged
that the person complained of was "an imbecile, wholly in-
capable of looking after himself and his property, and unfit to."

This allegation may be, and no doubt is quite sufficient as a
basis for the appointment of a guardian for an imbecile, but it
affords no basis, under the statute, for the appointment of a
guardian for an intemperate.

It follows, that unless the court is authorized in the course
of the hearing to allow the nature of the proceeding to be
changed, and to make an order based not upon the allegations
of the application, but on proof of some other and different
facts, the appointment of the guardian in this case was without
authority at law and void.

The case of *Rosebrough* v. *Ansley et al*, 35 Ohio State, 107,
seems to us to be in point, paragraph 1 of the syllabus reading
as follows:

"A judgment for a sum greater than the amount due upon a
cause of action as stated in the record is erroneous; and the pre-
vious consent of the parties that such judgment might be ren-
dered does not cure the error."

And in *Spoors* v. *Coen*, 44 Ohio State, 497, the 4th paragraph
of the syllabus is as follows:

"The judgment of a court upon a subject of litigation with-
in its jurisdiction, but not brought before it by any statement or
claim of the parties, is null and void, and may be collaterally
impeached."

The case at bar is, of course, a direct attack upon the original order of the probate court.

Upon the facts and authorities above mentioned, we hold that the original order of the probate court was not improperly vacated, and that there is no error in this record, and the judgment of the court of common pleas is affirmed.